This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Charles Williams, has appealed from his convictions in the Summit County Court of Common Pleas. We affirm.
A jury convicted Defendant of two counts of assault of a peace officer, in violation of R.C. 2903.13(A) and (C)(3), and one count of resisting arrest, in violation of R.C. 2921.33(A). The trial court sentenced Defendant accordingly. Defendant timely appealed raising two assignments of error which have been consolidated for ease of review.
 ASSIGNMENT OF ERROR I There is insufficient evidence to support to [sic.] jury's verdicts finding [Defendant] guilty of two counts of assault on a peace officer.
 ASSIGNMENT OF ERROR II The jury's verdicts finding [Defendant] guilty of two [counts] of assault on a peace office [sic.] are against the manifest weight of the evidence.
In his first and second assignments of error, Defendant has argued that his convictions for assault of a peace officer were insufficient as a matter of law and against the manifest weight of the evidence. We disagree.
The function of an appellate court on review is to assess the sufficiency of the evidence "to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. In making this determination, a reviewing court must view the evidence in the light most favorable to the prosecution.Id.; State v. Feliciano (1996), 115 Ohio App.3d 646, 652.
While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion.State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). In making this determination, we do not view the evidence in the light most favorable to the prosecution. Instead, we must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This action is reserved for the exceptional case where the evidence weighs heavily in favor of the defendant. Id. "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4.
The jury convicted Defendant of two counts of assault of a peace officer pursuant to R.C. 2903.13, which provides that "[n]o person shall knowingly cause or attempt to cause physical harm to another[.]" R.C.2903.13(A). In addition, R.C. 2903.13(C)(3) states that if the victim of the assault is a peace officer who is assaulted during the performance of his official duties, the offense is a fourth degree felony. "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). Defendant maintains that the State failed to produce sufficient evidence that he "knowingly" caused or attempted to cause physical harm to the police officers in this matter.
Officer Tim Harvey testified that he and his partner, Officer Michael Schmidt, responded to a domestic violence call on the evening in question. He stated that they found Defendant lying on a mattress placed on the floor in the attic. Officer Harvey maintained that when he asked Defendant to stand, Defendant stumbled to his feet and became irate.
Officer Harvey further testified that he proceeded to ask Defendant for some identification. In response, Defendant put on his coat and started to put his hands into the pockets. Officer Harvey explained that he and his partner had not yet searched Defendant for weapons, so at that point they grabbed Defendant's arms in an attempt to stop him from reaching into his pockets. Officer Harvey testified that Defendant pulled away from them, so he and his partner pulled Defendant down to the mattress in order to handcuff him. Additionally, Officer Harvey stated that during this time Officers Michael Joyner and Brian Hardy arrived in the room.
Officer Harvey also testified that after they handcuffed Defendant, they turned him on his side on the mattress and he began kicking. Officer Harvey stated that Defendant kicked him in the chest and knocked him back three feet into a television stand. He testified that the television fell on top of him. He explained that he also saw Defendant kick Officer Joyner back three to four feet from his original position. Finally, Officer Harvey explained that they eventually placed Defendant in shackles and carried him out to the paddy wagon.
Officer Schmidt similarly testified regarding the events in question. He described how Defendant "tensed up and tried to pull away" when the officers grabbed his arms. Officer Schmidt also stated that after they placed Defendant on the mattress, he yelled profanities and continually attempted to stand up and escape. Officer Schmidt testified that he saw Defendant kick Officer Joyner in the chest and he saw Defendant kick Officer Harvey into the television stand.
Officer Joyner described the chain of events in similar fashion. He testified that Defendant kicked him in the chest, which pushed him back three to four feet. He also stated that as a result of the kick, his glasses were knocked off his face. Officer Joyner explained that he saw Defendant kick Officer Harvey into a television stand located approximately three feet away and that the television fell on top of Officer Harvey.
Officer Hardy testified that Defendant was trying to break free after the officers handcuffed him. Officer Hardy stated that he saw Defendant kick Officer Joyner in the back with enough force to push him approximately three feet away. He also witnessed Defendant kick Officer Harvey into the television.
We find that it was reasonable for the jury to conclude that when Defendant struggled violently with the officers he was aware that physical injury could result. Therefore, we cannot conclude that the jury lost its way in finding that Defendant knowingly attempted to cause physical harm to the peace officers. The convictions for two counts of assaulting a peace officer were not against the manifest weight of the evidence, and, therefore, were sufficient as a matter of law. Defendant's assignments of error are overruled.
Defendant's first and second assignments of error are overruled. The convictions of the Summit County Court of Common Pleas are affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
LYNN C. SLABY, CARR, J., WHITMORE, J. CONCUR